# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATER STAGE EMPLOYEES LOCAL 927,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW MASHBURN, EDWARD LINDSEY, JANICE W. JOHNSTON, and SARA TINDALL GHAZAL, in their official capacities as members of the Georgia State Election Board; and PATRISE PERKINS-HOOKER, AARON V. JOHNSON, MICHAEL HEEKIN, and TERESA K. CRAWFORD, in their official capacities as members of the Fulton County Registration and Elections Board,<br><br>　　　　　Defendants. | Civil Action<br><br>Case No. _____<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff International Alliance of Theater Stage Employees Local 927 ("IATSE"), by and through the undersigned counsel, files this COMPLAINT for DECLARATORY and INJUNCTIVE RELIEF against MATTHEW MASHBURN, in his official capacity as a member of the Georgia State Election Board; EDWARD LINDSEY in his official capacity as a member of the Georgia State Election Board; JANICE W. JOHNSTON, in her official capacity as a member of the Georgia State Election Board; SARA TINDALL GHAZAL, in her official capacity as a member

of the Georgia State Election Board; PATRISE PERKINS-HOOKER, in her official capacity as a member of the Fulton County Registration and Elections Board; AARON V. JOHNSON, in his official capacity as a member of the Fulton County Registration and Elections Board; MICHAEL HEEKIN, in his official capacity as a member of the Fulton County Registration and Elections Board; and TERESA K. CRAWFORD, in her official capacity as a member of the Fulton County Registration and Elections Board; and alleges as follows:

## NATURE OF THE CASE

1.  On November 5, 2024, voters across the United States will elect the President and Vice President of the United States. Many voters will cast their votes in person on Election Day. Millions of Americans, however, will cast absentee ballots in accordance with state and federal laws.

2.  Yet after sweeping changes to Georgia's election laws passed in response to the record turnout in the 2020 general election (and subsequent Senate runoffs), Georgia no longer complies with key provisions of the Voting Rights Act governing absentee balloting. S.B. 202, § 25, 156th Gen. Assemb., Reg. Sess. (Ga. 2021 Act 9) ("SB 202") (amending O.C.G.A. § 21-2-381(a)(1)(A)).

3.  For more than fifty years, federal law has required states to allow all eligible voters who will be absent from their voting jurisdiction on Election Day to cast absentee ballots for President and Vice President so long as they have applied

at least *seven days* before the election. 52 U.S.C. § 10502(d). Prior to SB 202, Georgia complied with this requirement. Now, however, Georgia cuts off absentee applications eleven days before the election—four days before the federally mandated seven-day period. O.C.G.A. § 21-2-381(a)(1)(A).

4. As a result, Georgians who are fully qualified to vote absentee and who submit their absentee ballot applications within the time specified by federal law will have their applications rejected as untimely. The unlawful rejection of these ballot applications will deprive Georgians of their right to participate in choosing who will lead the United States in the coming years.

5. Members of IATSE are particularly affected by the unlawful absentee application deadline because their work requires them to frequently travel around and outside of Georgia, often on short notice. Members therefore will be forced to travel during the election but will not know of their need to vote absentee until shortly before Election Day, including during the period between Georgia's absentee application deadline and the federally mandated seven-day period. By shortening the timeframe for requesting absentee ballots, Georgia's new application deadline deprives IATSE's members of full lawful access to absentee ballots and the rights conferred by the Voting Rights Act when voting for President and Vice President.

6. For these reasons and those stated below, Plaintiff requests that the Court declare that Georgia's absentee ballot application deadline, when applied to elections for President and Vice President, violates the Voting Rights Act.

## JURISDICTION AND VENUE

7. Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation, under color of state law, of rights secured by the federal Voting Rights Act.

8. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the laws of the United States and involve the assertion of deprivation, under color of state law, of rights secured under federal law.

9. This Court has personal jurisdiction over Defendants, who are sued in their official capacities.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendants reside in the Northern District of Georgia.

11. This Court has the authority to enter declaratory judgment and provide injunctive relief under Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

12. Plaintiff International Alliance of Theater Stage Employees Local 927 is an association headquartered in Atlanta of more than 190 professionals who work behind the scenes at live theater and television productions throughout Georgia and the United States. IATSE's members, almost all of them Georgia residents and many of them residents of Fulton County, offer skills ranging from set building to programing and operating the most advanced computerized sound and lighting technology.

13. IATSE is dedicated to protecting the dignity and both the financial and physical well-being of its members. It does so by advocating for safe working conditions, fair wages, and just treatment of all its members. In addition to negotiating contracts on behalf of its members, IATSE advocates for the election to all levels of government candidates who support both the rights of workers and the cultural traditions and institutions that have brought Atlanta international renown.

14. Georgia's premature deadline threatens to deprive IATSE's members of their right to vote because it denies them legally protected opportunities to request and cast an absentee ballot. Some IATSE members must travel for work and, on any given day, several will be away from their voting jurisdiction. Among the injured members are those who work on traveling Broadway musicals and spend months on the road, often working 14-hour days. Even members who do not travel on such

extended trips are commonly called upon to travel widely within Georgia. These IATSE members are generally contract employees who receive short notice that their job will take them outside of their voting jurisdiction, and so will not even know of their need to cast an absentee ballot until the last two weeks before Election Day, and sometimes after Georgia's absentee application deadline has passed.

15. Defendants MATTHEW MASHBURN, EDWARD LINDSEY, JANICE W. JOHNSTON, and SARA TINDALL GHAZAL are members of the Georgia State Election Board ("SEB") and are named in their official capacities as members of the SEB (together, "SEB Defendants").

16. As members of the SEB, the SEB Defendants are authorized by the state legislature to formulate, adopt, and promulgate such rules and regulations, consistent with Georgia law, as will be conducive to the fair, legal, and orderly conduct of primaries and elections in Georgia. O.C.G.A. § 21-2-31(1)-(2) ("It shall be the duty of the State Election Board . . . [t]o promulgate rules and regulations so as to obtain uniformity in the practices and proceedings of superintendents, registrars, deputy registrars, poll officers, and other officials, as well as the legality and purity in all primaries and elections; [and t]o formulate, adopt, and promulgate such rules and regulations, consistent with law, as will be conducive to the fair, legal, and orderly conduct of primaries and elections").

17.   Defendants PATRISE PERKINS-HOOKER, AARON V. JOHNSON, MICHAEL HEEKIN, and TERESA K. CRAWFORD, are sued in their official capacities as members of the Fulton County Registration and Elections Board (collectively, the "County Defendants"). In this capacity, the County Defendants oversee Fulton County's election activities. *See* O.C.G.A. § 21-2-202(d). This includes assuming the role of registrar, or overseeing the absentee ballot clerk, in reviewing each absentee ballot application to ensure it conforms with Georgia law and issuing ballots to voters whose applications are timely submitted and otherwise satisfactory. *Id.* § 21-2-381(b).

## STATEMENT OF FACTS AND LAW

18.   Prior to 2021, Georgia law allowed a voter wishing to vote absentee to submit their application starting 180 days before the election. O.C.G.A. § 21-2-381(a)(1)(A) (2019). If the voter was determined eligible, the law required the board of registrars or absentee ballot clerk to mail or issue an absentee ballot immediately upon determining eligibility. *Id.* § 21-2-384(a)(2) (2019). Ballots were to be mailed or issued through the Sunday before the election. *Id.*

19.   SB 202 changed these requirements by significantly shortening the period during which absentee applications could be timely submitted. Under current law, applications cannot be submitted earlier than 78 days before the election and

will not be accepted if submitted fewer than 11 days before the election. O.C.G.A. § 21-2-381(a)(1)(A).

20. This change brought Georgia law into irreconcilable conflict with longstanding federal law.

21. In 1970, Congress amended the Voting Rights Act of 1965 to address "the lack of sufficient opportunities for absentee registration and absentee balloting in presidential elections." 52 U.S.C. § 10502(a). Congress found that these restrictions denied or abridged citizens' constitutional rights, including "the inherent constitutional right of citizens to vote for their President and Vice President," and "the equality of civil rights, and due process and equal protection of the laws that are guaranteed to them under the fourteenth amendment." *Id.*

22. Among other things, the amended Voting Rights Act requires that "each State shall provide by law for the casting of absentee ballots for the choice of electors for President and Vice President . . . by all duly qualified residents of such State who may be absent from their election district" so long as those individuals "have applied therefor not later than *seven days* immediately prior to such election." 52 U.S.C. § 10502(d) (emphasis added).

23. Georgia's 11-day cutoff for accepting absentee ballot applications violates this provision of the Voting Rights Act because it requires the rejection of absentee ballot applications submitted by qualified voters who submit their

applications by mail, facsimile transmission, or electronic transmission during the period between seven and 11 days before the relevant election.

24. Although Georgia allows voters to apply for an absentee ballot in person until the Friday before an election, *see* O.C.G.A. § 21-2-385(c), that option is not available to "*all* qualified voters," as the Voting Rights Act requires, 52 U.S.C. § 10502(d). After Georgia's 11-day cutoff, voters who submit their applications by any other method are unable to vote absentee for President and Vice President. In particular, voters who will be absent from their voting jurisdiction on Election Day, including IATSE members, may not reasonably be able to request an absentee ballot *in person* during the period between Georgia's absentee application deadline and the deadline required by federal law.

## CLAIMS FOR RELIEF

### COUNT I

**52 U.S.C. § 10502; 52 U.S.C. § 10307; 42 U.S.C. § 1983
Violation of 52 U.S.C. § 10502(d)
Against All Defendants**

25. Plaintiff realleges and reincorporates by reference paragraphs 1-6 and 18-24 and of this Complaint as though fully set forth herein.

26. 52 U.S.C. § 10502 provides that:

> [E]ach State shall provide by law for the casting of absentee ballots for the choice of electors for President and Vice President, or for President and Vice President, by all duly qualified residents of such State who may be absent

9

from their election district or unit in such State on the day such election is held and who have applied therefor not later than seven days immediately prior to such election and have returned such ballots to the appropriate election official of such State not later than the time of closing of the polls in such State on the day of such election.

27. Defendants' enforcement of the absentee ballot application deadline deprives Georgians (including IATSE members) who are absent from their election district on election day of the right to cast an absentee ballot for President and Vice President so long as they apply at least seven days before the relevant election.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff IATSE respectfully requests that this Court enter judgment:

a. Declaring that the absentee ballot application deadline, as it appears in O.C.G.A. § 21-2-381, and any other provisions requiring an individual voting for President or Vice President to submit an application for an absentee ballot more than seven days before the election, violate 52 U.S.C. § 10502(d);

b. Preliminarily and permanently enjoining Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from implementing, enforcing, or giving any effect to the absentee ballot application deadline in elections for President and Vice President;

    c.    Awarding Plaintiff its costs, disbursements, and reasonable attorneys' fees incurred in bringing this action pursuant to 42 U.S.C. § 1988 and other applicable laws; and

    d.    Granting such other and further relief as the Court deems just and proper.

Dated: October 26, 2023

Respectfully submitted,

**/s/ Adam M. Sparks**
Adam M. Sparks
Georgia Bar No. 341578
**KREVOLIN & HORST, LLC**
1201 W. Peachtree St., NW
3250 One Atlantic Center
Atlanta, GA 30309
Tel: (404) 888-9700
Fax: (404) 888-9577
Email: sparks@khlawfirm.com

Uzoma N. Nkwonta*
Justin Baxenberg*
William K. Hancock*
Marcos Mocine-McQueen*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Ste 400
Washington, D.C. 20001
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
unkwonta@elias.law
jbaxenberg@elias.law
whancock@elias.law
mmcqueen@elias.law

*Counsel for Plaintiff International Alliance of Theater Stage Employees Local 927*

**Pro Hac Vice* Application Forthcoming*