**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATER STAGE EMPLOYEES LOCAL 927,<br><br>          Plaintiff,<br><br>   v.<br><br>MATTHEW MASHBURN, EDWARD LINDSEY, JANICE W. JOHNSTON, and SARA TINDALL GHAZAL, in their official capacities as members of the Georgia State Election Board; and PATRISE PERKINS-HOOKER, AARON V. JOHNSON, MICHAEL HEEKIN, and TERESA K. CRAWFORD, in their official capacities as members of the Fulton County Registration and Elections Board,<br><br>          Defendants. | Civil Act. No. 1:23-cv-04929-AT |

## PLAINTIFF'S RESPONSE TO STATE DEFENDANTS' NOTICE OF RELATED CASES

Plaintiff International Alliance of Theater Stage Employees Local 927 ("IATSE"), by and through its undersigned counsel, files this Response pursuant to the Court's December 12, 2023 Order. *See* Doc. 33. Plaintiff disagrees with State Defendants' position that this case is related to the identified pending cases. Moreover, State Defendants' notice is procedurally improper under both the Local Rules and the Federal Rules of Civil Procedure.

This case presents a single claim: whether O.C.G.A. § 21-2-381(a)(1)(A) complies with Section 202 of the Voting Rights Act, 52 U.S.C. § 10502(d). Specifically, Plaintiff complains that Georgia's deadline for requesting absentee ballots—which is currently 11 days before the election—cannot be reconciled with the federal requirement that absent voters be permitted to request absentee ballots "seven days immediately prior to [presidential elections]." 52 U.S.C. § 10502(d). None of the ten cases identified by State Defendants raise this issue of compliance with federal law. *See* Doc. 32 at 2 n.1. Nor do they share any claims in common with the present case.

The tenuous and generic similarities identified by State Defendants merely demonstrate that this case also concerns election laws. State Defendants note the common relevance of Senate Bill 202—a 98-page omnibus election bill with 53 sections altering Georgia's election laws writ large. Doc. 32 at 3. But legislation of such breadth does not guarantee substantive overlap among challenges to discrete

pieces of the bill. Similarly, State Defendants amalgamate an entire chapter of the U.S. Code, which has been amended several times across decades, as necessarily related under "the Voting Rights Act." *Id.* Again, litigation under federal law that concerns disparate aspects of election administration—including language access, racial discrimination, and disability assistance—is not a single set of related cases.

Indeed, State Defendants' conclusory assertions belie important substantive differences between Plaintiff's case and those identified by the Notice. First, Plaintiff's Section 202(d) claim applies only to presidential elections—unlike the constitutional and Voting Rights Act claims at issue in the identified cases, which apply across elections. *See, e.g.*, Am. Compl., *Ga. State Conf. of the NAACP v. Raffensperger*, No. 21-cv-01259-JPB, Doc. 35 (N.D. Ga. May 28, 2021). Second, Plaintiff's claim presents a single, narrow legal issue; it does not require analysis of the "totality of the circumstances," or the application of any constitutional balancing test. *Id.* at ¶¶ 193, 207 (stating legal standard for Section 2 and Fourteenth Amendment claims, respectively).

In addition, State Defendants' notice suffers multiple procedural deficiencies. First, State Defendants ignored the procedure contemplated by the Local Rules, whereby "any pending or previously adjudicated related cases" are identified via the Joint Preliminary Report and Discovery Plan (the "Joint Report") after conferral

among the parties. L.R. 16.2(1); *see also* L.R. 16.1. But State Defendants simply filed their notice independently prior to the Rule 26(f) conference.

Second, State Defendants' purported "notice" is not an appropriate vehicle to implicitly request that this case "be transferred to Judge Boulee." Doc. 32 at 3; *cf. Marrero Enterprises of Palm Beach, Inc. v. Estefan Enterprises, Inc.*, No. 06-81036-CIV, 2007 WL 2965077, at *1 (S.D. Fla. Oct. 9, 2007) ("If Defendant believes that the [related cases] somehow impact the merits of this action, it should file the appropriate motion for relief rather than make legal arguments in ministerial Notice of Pendency"). State Defendants advance no basis or mechanism for such a transfer, nor do they identify any circumstances that support consolidation.[1] *See* Fed. R. Civ. P. 42. There is no risk of conflicting legal conclusions because the claims raised here are entirely distinct. Nor could a finding in those cases absolve Georgia of its duty to comply with Section 202(d).

In sum, this case concerns discrete issues unrelated to the issues raised in the cases identified by State Defendants.

---

[1] Given the risk of prejudice, consolidation is only justified by a "risk of inconsistent adjudications of common factual and legal issues." *Jackson v. Ford Consumer Fin. Co.*, 181 F.R.D. 537, 539–40 (N.D. Ga. 1998) (quoting *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir.1985)).

Dated: December 14, 2023

Respectfully submitted,

**/s/   Adam M. Sparks**
Adam M. Sparks
Georgia Bar No. 341578
Anré D. Washington
Georgia Bar No. 351623
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
3250 One Atlantic Center
Atlanta, GA 30309
Tel: (404) 888-9700
Fax: (404) 888-9577
Email: sparks@khlawfirm.com
Email: washington@khlawfirm.com

Uzoma N. Nkwonta*
Justin Baxenberg*
William K. Hancock*
Marcos Mocine-McQueen*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Ste 400
Washington, D.C. 20001
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
unkwonta@elias.law
jbaxenberg@elias.law
whancock@elias.law
mmcqueen@elias.law

*Counsel for Plaintiff International
Alliance of Theater Stage Employees
Local 927*

*Admitted Pro Hac Vice*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATER STAGE EMPLOYEES LOCAL 927,<br><br>        Plaintiff,<br><br>  v.<br><br>MATTHEW MASHBURN, EDWARD LINDSEY, JANICE W. JOHNSTON, and SARA TINDALL GHAZAL, in their official capacities as members of the Georgia State Election Board; and PATRISE PERKINS-HOOKER, AARON V. JOHNSON, MICHAEL HEEKIN, and TERESA K. CRAWFORD, in their official capacities as members of the Fulton County Registration and Elections Board,<br><br>        Defendants. | Civil Act. No. 1:23-cv-04929-AT |

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing **Plaintiff's Response to State Defendants' Notice of Related Cases** has been prepared in accordance with the font type and margin requirements of LR 5.1, NDGa, using font type of Times New Roman and a point size of 14.

Dated: December 14, 2023              **/s/ Adam M. Sparks**
                                      *Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATER STAGE EMPLOYEES LOCAL 927,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW MASHBURN, EDWARD LINDSEY, JANICE W. JOHNSTON, and SARA TINDALL GHAZAL, in their official capacities as members of the Georgia State Election Board; and PATRISE PERKINS-HOOKER, AARON V. JOHNSON, MICHAEL HEEKIN, and TERESA K. CRAWFORD, in their official capacities as members of the Fulton County Registration and Elections Board,<br><br>Defendants. | Civil Act. No. 1:23-cv-04929-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on this day a copy of the foregoing **Plaintiff's Response to State Defendants' Notice of Related Cases** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

Dated: December 14, 2023             **/s/ Adam M. Sparks**
                                      *Counsel for Plaintiff*

7