# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATER STAGE EMPLOYEES LOCAL 927,<br><br>                  Plaintiff,<br>  v.<br><br>MATTHEW MASHBURN; EDWARD LINDSEY, JANICE W. JOHNSTON, SARA TINDALL GHAZAL, in their official capacities as members of the Georgia State Election Board; and PATRISE PERKINS-HOOKER, AARON V. JOHNSON, MICHAEL HEEKIN, and TERESA K. CRAWFORD in their official capacities as members of the Fulton County Registration and Elections Board,<br><br>                  Defendants. | Case No. 1:23-cv-04929-AT |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

On December 13, 2023, Counsel for Plaintiff the INTERNATIONAL ALLIANCE OF THEATER STAGE EMPLOYEES LOCAL 927; Defendants GEORGIA STATE ELECTION BOARD, MATTHEW MASHBURN, EDWARD LINDSEY, JANICE W. JOHNSTON, and SARA TINDALL GHAZAL in their official capacities as members of the Georgia State Election Board (collectively, "State Defendants"); and Defendants PATRISE PERKINS-HOOKER, AARON V. JOHNSON, MICHAEL HEEKIN, and TERESA K. CRAWFORD, in their official capacities as members of the Fulton County Registration and Elections Board (collectively, "Fulton County Defendants"), conferred in accordance with Federal Rule of Civil Procedure 26(f), and now respectfully submit this Joint Preliminary Report and Discovery Plan.

1. **Description of Case:**

(a) **Describe briefly the nature of this action.**

This lawsuit challenges a provision of Georgia law that requires voters to submit absentee-ballot applications at least eleven days before Election Day.

Plaintiff contends that this provision violates 52 U.S.C § 10502(d), which protects the ability of all eligible voters who may be absent from their voting jurisdiction on Election Day to vote absentee for President and Vice President if they "have applied therefor not later than seven days immediately prior to" presidential election. 52 U.S.C § 10502(d). Plaintiff is an association with members whose

2

employment requires travel with very limited notice. Plaintiff contends that Georgia's 11-day cutoff to apply for an absentee ballot will make it more difficult—or even impossible—for these members to vote in federal elections.

State Defendants contend that the challenged provision of Senate Bill 202 ("SB 202") does not conflict with the identified portion of the Voting Rights Act ("VRA") because the VRA does not require States to permit absentee-ballot applications to be submitted seven days before an election. Rather, this VRA provision is more properly construed to mean that a State is not required by federal law to permit applicants to submit absentee-ballot applications fewer than seven days before Election Day, but it can set the deadline earlier than seven days before Election Day. This reading would explain why many States require absentee-ballot applications to be submitted more than seven days before Election Day. Additionally, State Defendants contend that Plaintiff lacks standing.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff International Alliance of Theater Stage Employees Local 927 ("IATSE") states that it is an association headquartered in Atlanta of more than 190 professionals who work behind the scenes at live theater and television productions throughout Georgia and the United States. Most of IATSE's members are Georgia residents and many of them are residents of Fulton County. IATSE advocates for safe working conditions, fair wages, and just treatment of all its members, including by

3

advocating for the election to all levels of government of candidates who support both the rights of workers and Atlanta's cultural traditions and institutions.

Plaintiff contends that federal law protects voters' ability to exercise their franchise by casting absentee ballots for President and Vice President so long as they apply at least seven days before the election. In 2021, Georgia election law changed rules related to absentee balloting that Plaintiff contends contradicts this federal provision to, in effect, prevent Georgians who are fully qualified to vote absentee and who submit their absentee ballot applications within the time specified by federal law from exercising their right to vote in this federal election.

Plaintiff further contends that members of IATSE are particularly affected by the unlawful absentee application deadline because their work requires them to travel frequently around and outside of Georgia, often on short notice. Members called upon to travel during the election for President and Vice President may not know of their need to vote absentee until shortly before Election Day, including during the period between Georgia's new absentee application deadline and the federally mandated seven-day period.

State Defendants dispute that the challenged portion of SB 202 conflicts with the VRA for the reasons explained earlier. State Defendants further contend that Plaintiff lacks standing as it has failed to identify any injury to its organization or its

4

members. State Defendants further contend that Plaintiff lacks a private right of action.

The Fulton County Defendants contend that Fulton County, like every county in Georgia, is required to follow the state law in conducting elections.

**(c)    The legal issues to be tried are as follows:**

Plaintiff's Statement of Legal Issues

1. Whether Defendants' enforcement of the 11-day absentee ballot application deadline deprives eligible Georgia voters (including IATSE members) who may be absent from their election district on Election Day—and who apply to vote absentee at least seven days before the election—of the right to cast an absentee ballot for President and Vice President.

2. Whether Plaintiff is entitled to preliminary or permanent relief enjoining Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from implementing, enforcing, or giving any effect to the absentee ballot application deadline in elections for President and Vice President.

3. Whether Plaintiff is entitled to its costs, disbursements, and reasonable attorneys' fees incurred in bringing this action pursuant to 42 U.S.C. § 1988 and other applicable laws.

5

State Defendants' Statement of Legal Issues

1. Whether Plaintiff has standing.

2. Whether the Voting Rights Act creates a private right of action or can be enforced through 42 U.S.C. § 1983.

3. Whether O.C.G.A. § 21-2-381(a)(1)(A) conflicts with 52 U.S.C. § 10502(d).

Fulton County Defendants' Statement of Legal Issues

1. Whether Plaintiff's claimed injuries are traceable to the Fulton County Defendants.

2. Whether Plaintiff is entitled to its costs, disbursements, and reasonable attorneys' fees against the Fulton County Defendants.

**(d)   The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

Plaintiff: There are no pending related cases. *See also* ECF No. 34.

State Defendants: This case is related to various other lawsuits challenging provisions of SB 202, including lawsuits challenging the absentee-ballot application deadline under the VRA. *See AAAJ v. Raffensperger*, No. 1:21-cv-01333-JPB (N.D. Ga.); *Sixth Dist. African Methodist Episcopal Church v. Kemp*, No. 1:21-cv-01284-JPB (N.D. Ga.); *Concerned Black Clergy v. Raffensperger*, No. 1:21-cv-01728-JPB (N.D. Ga.); *United States v. Georgia*, No. 1:21-cv-02575-JPB (N.D. Ga.); *NAACP v.*

6

*Raffensperger*, No. 1:21-cv-01259-JPB (N.D. Ga.); *New Ga. Project v. Raffensperger*, No. 1:21-cv-01229-JPB (N.D. Ga.); *VoteAmerica v. Raffensperger*, No. 1:21-cv-01390-JPB (N.D. Ga.); *Coalition for Good Governance v. Raffensperger*, No. 1:21-cv-02070-JPB (N.D. Ga.); *Whiteside v. Raffensperger*, No. 1:21-cv-03618-JPB (N.D. Ga.); *Vote.org v. Ga. State Election Bd.*, No. 1:22-cv-01734-JPB (N.D. Ga).

<u>Fulton County Defendants</u>: The Fulton County Defendants understand that State Defendants have posited that *In re Georgia Senate Bill 202*, 1:21-MI-55555-JPB (N.D. Ga.) is a pending related case, a position opposed by Plaintiff. The Fulton County Defendants take no position for or against the State Defendants' position on this matter.

**(2) Previously Adjudicated Related Cases:**

None.

**2. This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_\_\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_\_\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_\_ (10) Existence of highly technical issues and proof

7

    \_\_\_\_\_   (11) Unusually complex discovery of electronically stored information

    3.   **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

<u>Plaintiff</u>

Uzoma Nkwonta, Adam M. Sparks

<u>State Defendants</u>

Bryan P. Tyson, Gene Schaerr, Brian Field.

<u>Fulton County Defendants</u>

Mathew E. Plott, Kaye Woodard Burwell

    4.   **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

  x Yes    \_\_\_\_No

<u>Plaintiff</u>: There is no question regarding this Court's jurisdiction.

<u>State Defendants</u>: State Defendants assert that the Court lacks jurisdiction for all the reasons outlined in State Defendants' forthcoming motion to dismiss, including Plaintiff's lack of standing and the lack of a private right of action.

8

**5.   Parties to this Action:**

**(a)   The following persons are necessary parties who have not been joined:**

Plaintiff: None. A large share of Plaintiff's members reside in Fulton County and an injunction against the county would address much of the injury to Plaintiff's membership; other parties therefore are not necessary.

State Defendants: State Defendants contend that the election superintendents from all 159 counties are necessary parties because county election officials actually process absentee-ballot applications under Georgia law.

Fulton County Defendants: The Fulton County Defendants contend that, assuming arguendo that the Court finds that county election superintendents have the authority and/or ability to provide the relief sought by Plaintiff, that each of the election superintendents, of Georgia's 159 counties, are necessary parties to this action because Plaintiff seeks statewide injunctive relief that includes all 159 counties.

**(b)   The following persons are improperly joined as parties:**

None.

**(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

> **(d)** **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

> **(a)** **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

Plaintiff: Plaintiff does not anticipate specific amendments to their pleadings at this time.

State Defendants: State Defendants do not anticipate any amendments to pleadings at this time, other than Plaintiff's needing to amend its complaint to include the election superintendents from all 159 counties, as noted above.

Fulton County Defendants: The Fulton County Defendants do not anticipate any amendments to the pleadings at this time.

> **(b)** **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**
>
> **7.     Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

   **(a)**   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

   **(b)**   *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

10

**(c)** *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.** **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

<u>Plaintiff</u>: Plaintiff does not object to mutual service of initial disclosures under Fed. R. Civ. P. 26(a)(1) and 26(a)(2) as specified by LR 26.1(A), NDGa.

<u>State Defendants</u>: State Defendants do not object to serving initial disclosures.

<u>Fulton County Defendants</u>: The Fulton County Defendants do not object to mutual service of initial disclosures.

**9.** **Request for Scheduling Conference:**

The Court has scheduled a conference at 2:30 p.m. EST on January 8, 2024.

**10.** **Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

<u>Plaintiff</u>: Plaintiff seeks to begin discovery on January 8. Because this case presents predominantly legal issues and very limited (if any) factual disputes, Plaintiff seeks an expedited discovery period.

<u>State Defendants</u>: State Defendants do not believe that discovery should begin until after the Court has resolved their forthcoming motion to dismiss. Indeed, that has been the approach taken in every other case in this District where parties challenge provisions of SB 202. Once discovery commences, State Defendants assert that this case should proceed on the four-month discovery track. While there may be fewer factual issues in this case than in some of the other cases challenging SB 202, State Defendants anticipate still needing to take discovery on several topics. If Plaintiff's allegation is correct that its members must frequently travel out of state on short notice, State Defendants anticipate that discovery (both written discovery and depositions) will be time consuming and will present scheduling difficulties. And Plaintiff's proposed one-month discovery schedule would not even allow time for Plaintiff to respond to written discovery followed by depositions.

Specifically, State Defendants anticipate needing to take discovery on at least the following topics:

1. Facts related to Plaintiff's organizational structure and membership.
2. Facts related to Plaintiff's organizational harm.

12

3. Facts related to Plaintiff's allegation that certain voters are unable to submit absentee-ballot applications within the time period specified in SB 202.

4. Facts related to the State's interest in setting the deadline for absentee-ballot applications eleven days before Election Day.

5. Issues that arose for the State and counties under the pre-SB 202 timelines.

<u>Fulton County Defendants</u>:

1. All items listed by Plaintiff.

2. All items listed by State Defendants.

3. Facts related to requirements for county election officials to follow state law.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

<u>Plaintiff</u>: Plaintiff proposes an expedited discovery schedule given the lack of factual development necessary to adjudicate this case.

<u>State Defendants</u>: As noted, State Defendants propose that this case be set on a four-month discovery track, which should start after the Court resolves the forthcoming motion to dismiss.

<u>Fulton County Defendants</u>: The Fulton County Defendants do not believe that discovery should begin until the Court rules on the State Defendants' Motion to Dismiss which the State Defendants have represented that they intend to file.

13

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

    **(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

    None.

    **(b)    Is any party seeking discovery of electronically stored information?**

    <u>x</u> Yes                              _____ No

**If "yes,"**

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

    The parties agree to limit the sources and scope of the production of electronically stored information to reasonably accessible sources which are likely to contain information responsive to the parties' discovery requests, including, but not limited to, email accounts, hard drives, shared network drives, and other commonly used storage devices. The parties will continue to confer about the methods and form of production, including potentially entering into a written agreement concerning the production of electronically stored information, if the need arises.

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

    The parties are continuing to discuss the format for the production of ESI and the inclusion or exclusion and use of metadata. The parties anticipate that in most

circumstances, electronically stored data will be exchanged in commonly used formats, including TIFF, PDF, or native format. To the extent that files to be exchanged are in less commonly used formats, the Parties will meet and confer about the best means for producing the data.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties will request a scheduling conference.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate requesting the entry of a consent protective order to protect the confidentiality of voter data and other personally identifiable information. The parties will, if necessary, negotiate the terms of an agreement governing discovery of ESI and may request the entry of an order governing the discovery of ESI.

Plaintiff's proposed schedule:

| Event | Plaintiff's Proposed Date |
|---|---|
| Discovery begins | January 8, 2024 |
| Deadline for Plaintiff's and Defendants' expert disclosures (reports) | No expert reports anticipated or necessary |
| Deadline for rebuttal expert disclosures (reports) | N/A |
| Discovery cutoff | February 7, 2024 |
| Deadline to file motions for summary judgment | February 21, 2024 |

15

| Event | Plaintiff's Proposed Date |
|---|---|
| Deadline to file responses to motions for summary judgment | March 13, 2024 |
| Deadline to file replies in support of motions for summary judgment | March 27, 2024 |
| Hearing on motions for summary judgment (if deemed necessary by the Court) | To be set by the Court |
| Proposed Consolidated Pretrial Order Due (*if applicable*) | Due 30 days after the close of discovery or entry of the Court's rulings on the motions for summary judgment |
| Deadline to file *Daubert* motions (*if applicable*) | On the last day to submit pretrial order |
| Deadline to file motions in limine (*if applicable*) | On the last day to submit pretrial order |
| Deadline to request amendment to the pretrial order to include amended pretrial stipulations, exhibits, witness lists (*if applicable*) | 30 days before trial date |
| Trial date (*if applicable*) | To be set by the Court |

State Defendants propose that the Court enter a schedule after resolving the forthcoming motion to dismiss.

The Fulton County Defendants propose that the Court enter a schedule after it rules on the State Defendants' Motion to Dismiss which the State Defendants have represented that they intend to file.

**13.    Settlement Potential:**

16

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on December 13, 2023, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

Plaintiff's Lead Counsel: /s/ Adam Sparks

Other participants: Justin Baxenberg, Liam Hancock, Anré Washington

State Defendants' Lead Counsel: /s/ Brian Field

Fulton County Defendants' Lead Counsel: /s/ Mathew Plott

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(_____) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(__X__) No possibility of settlement.

(c) Counsel (_____) do or (__x__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20____.

(d) **The following specific problems have created a hindrance to settlement of this case.**

State Defendants have an obligation under state law to defend the enacted statutes and lack authority to enter into any settlement agreement relating to the enforcement of the absentee-ballot application deadline.

The Fulton County Defendants claim that they have an obligation to comply with state law in the conduct of elections and assert that they lack authority to enter into any settlement agreement relating to the enforcement of the absentee ballot application deadline.

17

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20____.

(b)    The parties (__X___) do not consent to having this case tried before a magistrate judge of this Court.

18

Dated: December 27, 2023                              Respectfully submitted,

/s/ Adam M. Sparks                                    /s/ Justin Baxenberg
Adam M. Sparks                                        /s/ Uzoma N. Nkwonta
Georgia Bar No. 341578                                Uzoma N. Nkwonta*
Anré D. Washington                                    Justin Baxenberg*
Georgia Bar No. 351623                                William K. Hancock*
**KREVOLIN & HORST, LLC**                             Marcos Mocine-McQueen*
1201 W. Peachtree St., NW                             **ELIAS LAW GROUP LLP**
3250 One Atlantic Center                              250 Massachusetts Ave NW, Ste 400
Atlanta, GA 30309                                     Washington, D.C. 20001
Tel: (404) 888-9700                                   Telephone: (202) 968-4490
Fax: (404) 888-9577                                   Facsimile: (202) 968-4498
Email: sparks@khlawfirm.com                           unkwonta@elias.law
Email: washington@khlawfirm.com                       jbaxenberg@elias.law
                                                      whancock@elias.law
                                                      mmcqueen@elias.law
                                                      *Admitted Pro Hac Vice*

*Counsel for Plaintiff International Alliance of Theater Stage Employees Local 927*

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

/s/ Gene C. Schaerr
Gene C. Schaerr*
Special Assistant Attorney General
Brian J. Field*

19

**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
\* *Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*

*/s/ Mathew Plott*
Mathew Plott
Georgia Bar No. 343501
Shalanda M. J. Miller
Georgia Bar No. 122544
Kaye Woodard Burwell
Georgia Bar No. 775060
OFFICE OF THE FULTON COUNTY ATTORNEY
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0267 (Office)
(404) 730-6324 (Facsimile)
Mathew.Plott@fultoncountyga.gov
Shalanda.Miller@fultoncountyga.gov
Kaye.Burwell@fultoncountyga.gov

*Counsel for Fulton County Defendants*

20