## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATER STAGE EMPLOYEES LOCAL 927,<br><br>*Plaintiff,*<br><br>v.<br><br>MATTHEW MASHBURN, EDWARD LINDSEY, JANICE W. JOHNSTON, and SARA TINDALL GHAZAL, *in their official capacities as members of the Georgia State Election Board*; and PATRISE PERKINS-HOOKER, AARON V. JOHNSON, MICHAEL HEEKIN, and TERESA K. CRAWFORD, *in their official capacities as members of the Fulton County Registration and Elections Board*,<br><br>*Defendants.* | No. 1:23-cv-04929-AT |

### NOTICE OF FILING CORRECTED APPENDIX

The Republican National Committee and the Georgia Republican Party submit this notice of filing a corrected appendix to their proposed motion to dismiss. The corrected exhibit is attached.

January 16, 2024

Respectfully submitted,

*/s/ Alex Kaufman*

Thomas R. McCarthy*
Gilbert C. Dickey*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com

*\*pro hac vice* forthcoming

Alex B. Kaufman
CHALMERS, ADAMS, BACKER &
   KAUFMAN, LLC
11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(404) 964-5587
akaufman@chalmersadams.com

*Counsel for Movants*

# EXHIBIT A

# In the Supreme Court of the United States

OCTOBER TERM, 1970

No. _____, Original

UNITED STATES OF AMERICA, PLAINTIFF

*v.*

STATE OF IDAHO, DEFENDANT

## MOTION FOR LEAVE TO FILE COMPLAINT

The United States of America respectfully asks leave of the Court to file its complaint against the State of Idaho submitted herewith.

JOHN N. MITCHELL,
*Attorney General.*

ERWIN N. GRISWOLD,
*Solicitor General.*

JERRIS LEONARD,
*Assistant Attorney General.*

AUGUST 1970.

(1)

# In the Supreme Court of the United States

## OCTOBER TERM, 1970

No. ——, Original

UNITED STATES OF AMERICA, PLAINTIFF

*v.*

STATE OF IDAHO, DEFENDANT

### COMPLAINT

The United States of America, plaintiff, alleges as follows:

For a First Cause of Action:

## I

This action states a controversy between the United States and the State of Idaho; this Court accordingly has original jurisdiction under Article III, Section 2 of the Constitution of the United States; see also 28 U.S.C. 1251(b)(2).

## II

The United States brings this action to vindicate the supremacy of federal law. It seeks to enjoin the State of Idaho from enforcing provisions of its constitution and statutes which are contrary to and inconsistent with the Voting Rights Act of 1965, 79 Stat.

(3)

4

437, 42 U.S.C. (Supp. V) 1973–1973p, as amended by the Voting Rights Act Amendments of 1970, 84 Stat. 314.

### III

Under Idaho law, registration is a prerequisite for voting in all elections. Idaho Constitution, Article 6, Section 2. The registration of voters is carried out by agents of the state.

### IV

Under Article 6, Section 2 of the Idaho Constitution and Sections 34–408 and 34–409 of the Idaho Code, an otherwise qualified citizen who has been a resident of the state for less than six months may vote for presidential or vice presidential electors, only if he has been a resident of the state for 60 days next preceding the day of election and has fulfilled the state registration requirement by applying for a presidential ballot, in person, at least ten days prior to the day of the election.

### V

Absentee voting in Idaho for a presidential election is apparently authorized only for persons who at the time of such election continue to meet that state's durational residency requirements. Idaho Code, Section 34–1101. Absentee ballots must be received by the issuing officer by noon on the day of an election. Idaho Code, Section 34–1105.

### VI

Section 202 of Title II of the Voting Rights Act

5

of 1965, as amended, provides that no citizen of the United States who is otherwise qualified to vote in any election for president or vice president shall be denied the right to vote for electors in such elections because of the failure to comply with any durational residency requirement. Each state is required to provide means for registration and voting by all duly qualified residents of such state who apply not later than 30 days prior to any presidential election. In addition, persons who departed from a state after the thirtieth day next preceding such election are required to be allowed to vote by that state in person or by absentee ballot.

Finally, Section 202 provides that absentee ballots in presidential elections must be issued to all qualified voters who make application seven or more days prior to such elections and such ballots must be counted if returned to the appropriate election official prior to the closing of the polls. No citizen who is otherwise qualified to vote by absentee ballot may be denied that right because of any requirement of registration that does not include a provision for absentee registration.

## VII

The continued enforcement of the durational residency reqirements and absentee voting provisions (to the extent inconsistent with Section 202 of the Voting Rights Act of 1965, as amended) for voting for presidential and vice presidential electors in the constitution and statutes of the State of Idaho directly conflicts with Section 202 of the Voting Rights Act of 1965, as amended, and is thus unlawful under Article VI of the Constitution of the United States.

## VIII

On July 16, 1970, the Attorney General wrote (Exhibit A, *infra,* pp. 9–12) to the Governor of the State of Idaho explaining the Voting Rights Act Amendments of 1970 and seeking an assurance that the state would comply with them. By return letter, dated August 3, 1970 (Exhibit B, *infra,* pp. 12–14), the Attorney General of the State of Idaho indicated that the state would not comply with the Amended Act, unless forced to do so by court order.

## IX

Unless restrained by this Court, the State of Idaho, through its agents, will continue to enforce and implement the Idaho constitutional and statutory provisions relating to registration and voting which conflict with the Voting Rights Act of 1965, as amended, and will thereby prevent and interfere with implementation of such Act.

For a Second Cause of Action:

## X

Repeats and realleges paragraphs I–III.

## XI

Article 6, Section 2 of the Idaho Constitution and Sections 34–401 and 34–807 of the Idaho Code provide that as a prerequisite to registration and voting, otherwise qualified citizens must have attained the age of twenty-one years prior to the date of the ensuing general election.

## XII

Section 302 of Title III of the Voting Rights Act of 1965, as amended, provides that no citizen of the United States who is otherwise qualified to vote in any state or political subdivision in any primary or election shall be denied the right to vote with respect to any primary or election held on or after January 1, 1971, on account of age if such citizen is eighteen years of age or older.

## XIII

The continued enforcement of the age requirements for registration and voting contained in the constitution and statutes of the State of Idaho directly conflicts with Section 302 of the Voting Rights Act of 1965, as amended, and is thus unlawful under Article VI of the Constitution of the United States.

## XIV

Repeats and realleges paragraphs VIII and IX.

Plaintiff, the United States, requests that this Court issue a declaratory judgment that:

(a) The durational residency requirements and absentee voting provisions contained in the Constitution and statutes of the State of Idaho are unenforceable with respect to presidential elections to the extent their provisions conflict with Section 202 of the Voting Rights Act of 1965, as amended; and

(b) The age requirement established by the constitution and statutes of the State of Idaho is unenforceable as to any primary or election held on or after January 1, 1971, to the extent it conflicts with Section 302 of the Voting Rights Act of 1965, as amended.

8

Plaintiff further requests that this Court

(1) Enjoin the State of Idaho and its agents from:

(a) Enforcing the durational residency requirements and absentee voting provisions in the constitution and statutes of the State of Idaho to the extent that such requirements and such provisions are inconsistent with Section 202 of the Voting Rights Act of 1965, as amended;

(b) Enforcing the voting age provisions in the constitution and statutes of the State of Idaho to the extent that such provisions are inconsistent with Section 302 of the Voting Rights Act of 1965, as amended; and

(2) Direct the State of Idaho and its agents to adopt whatever procedures may be necessary to bring the State of Idaho into full and prompt compliance with Sections 202 and 302 of the Voting Rights Act of 1965 as amended; and

(3) Grant such other relief as the interest of justice may require.

JOHN N. MITCHELL,
*Attorney General.*

ERWIN N. GRISWOLD,
*Solicitor General.*

JERRIS LEONARD,
*Assistant Attorney General.*

AUGUST 1970.

# APPENDIX

## Exhibit A

OFFICE OF THE ATTORNEY GENERAL,
*Washington, D.C., July 16, 1970.*

Hon. Don Samuelson,
*Governor of Idaho,*
*Boise, Idaho.*

Dear Governor Samuelson: On June 22, 1970, the Voting Rights Act Amendments of 1970, Public Law 91–285, were signed by the President. I am writing in order to bring to your attention the major provisions of the new law and to request your cooperation in implementing it.

The 1970 Amendments extend for five years the period of coverage of basic provisions of the Voting Rights Act of 1965 and broaden somewhat the coverage formula of the Act; suspend until August 6, 1975, the use of literacy and similar tests in any state or county not subject to suspension under section 4(a) of the 1965 Act; eliminate durational residency requirements as a precondition for voting for President and Vice President and prescribe uniform standards regarding absentee registration and absentee voting in presidential elections; and lower to 18 the minimum age for voting in all elections. A copy of the Voting Rights Act Amendments and a section-by-section analysis of the statute are enclosed.

Our analysis of the constitutions and statutes of the various states indicates that your state has a re-

(9)

quirement which is a "test or device" within the meaning of the Voting Rights Act. (See Ida. Code, § 34-404.) Accordingly, that requirement is now subject to suspension, until August 6, 1975, by virtue of section 201 of the Voting Rights Act as amended. Please note that the prohibition of section 201 took effect upon enactment, i.e. on June 22, 1970.

Under section 203, it is my responsibility to take all steps necessary to secure compliance with the prohibition against the use of literacy and other tests. I suggest that registration and election officials in your state be informed as soon as possible that they must cease applying any literacy (or similar) requirement.

It is possible that, in the future, your state or certain of its counties will be determined to be covered by the provisions of section 4 of the Voting Rights Act as amended. However, no such determination has yet been made. Should such determination be made in the future, we will provide explanatory material.

Title III, which reduces voting age to 18, is to take effect with respect to any election or primary held on or after January 1, 1971. The statute does not specify when persons 18 and over who are not presently eligible should be allowed to register. However, based upon normal rules of construction, it is my view that each state must afford such individuals a reasonable opportunity to register so as to be eligible to vote in any primary or election held during 1971.

According to my information, existing law in your state does not permit persons to vote until they are 21 years of age. Under the supremacy clause of the United States Constitution, the present inconsistent provision of state law is superseded.

A prompt determination by each state of the registration and election procedures it will follow for all

elections after January 1, 1971, seems essential so that appropriate arrangements can be made. Moreover, you will note that by section 303 of the new statute I am "authorized" and "directed" by Congress to institute legal proceedings necessary to implement Title III.

Accordingly, I request that you review this matter with other state officials and advise me of the instructions regarding implementation of Title III which your state will distribute to registrars and election officials. In my view, such instructions should include a clear statement that persons who will be 18 years of age or over at the time of any primary or election held on or after January 1, 1971, shall be eligible to register for and vote at such election, notwithstanding any contrary provision of state law.

The provision regarding residency requirements, section 202, relates only to voting for President and Vice President and does not affect requirements in regard to congressional or state and local elections. The section concerning residency and absentee registration and balloting contemplates express changes in state law, unless present state laws are no more restrictive than the standards prescribed by the new statute. I suggest that the requirements of section 202, particularly those as to absentee voting and absentee registration, be carefully reviewed.

In conclusion, let me request your cooperation in regard to prompt and effective implementation of the reforms prescribed by Congress. So that this Department may meet its enforcement responsibilities, I ask that you advise me at your earliest convenience of the steps to be taken by your state to carry out the above-described provisions of the Voting Rights Act as amended. Because of the urgency involved, it will be necessary for us to assume that, unless we receive a positive response by August 3, 1970, your state does

12

not intend to comply fully with the new statute. In any such case, we will take appropriate action to effectuate the congressional mandate.

If you have any inquiries regarding the Voting Rights Act as amended or if there is any other way that we can be of assistance, please communicate directly with Jerris Leonard, Assistant Attorney General, Civil Rights Division.

Thank you for your cooperation.

Sincerely,

JOHN N. MITCHELL,
*Attorney General.*

cc: Hon. Robert M. Robson,
Attorney General of the State of Idaho.

———

EXHIBIT B

STATE OF IDAHO,
OFFICE OF THE ATTORNEY GENERAL,
*Boise, Idaho, August 3, 1970.*

Re: Public Law 91–285, Voting Rights Act Amendments of 1970.

Hon. JOHN A. MITCHELL,
*United States Attorney General,*
*U.S. Department of Justice,*
*Washington, D.C.*

DEAR MR. MITCHELL: Governor Samuelson has transferred to this office your letter of July 16, 1970 requesting that I prepare an answer on behalf of the State of Idaho.

At this point in time it would be impossible for Idaho to meet the requirements of the subject Amendment. Our legislature is not in session and will not be until January 1971. Compliance with the amended Act would require amendment of the Idaho Consti-

13

tution and a number of Idaho statutes. In view of what I consider to be the precariousness of the legal hypothesis presented in support of P.L. 91–285 I would hesitate to request the Governor to call a Special Session of the Legislature, unless the Supreme Court of the United States or the Supreme Court of Idaho enters a proper decree.

Research by this office, while not exhaustive, reveals that it is reasonably clear that the Constitution of the United States provides for the election method of Federal elective officers. Article I, Section 2, United States Constitution sets forth the procedure for election of Congressmen, and the Seventeenth Amendment to the United States Constitution provides for the election of senators. It is clear that these provisions leave it to the several states to provide the qualifications of electors of the most numerous branch of the state legislature, subject only to the provisions of the United States Constitution. *Ex Parte Yarbrough,* 110 U.S. 651, 28 L. ed. 274, 4 S. Ct. 152; *Pope* v. *Williams,* 193 U.S. 621, 633, 28 L. ed. 817, 882, 24 S. Ct. 573; *Lassider* v. *North Hampton County Board of Elections,* 360 U.S. 45, 79 S. Ct. 985. It has been held that the states have broad powers to determine the conditions under which the right of suffrage may be exercised in the states; *Carrington* v. *Rash,* 380 U.S. 89, 13 L. ed. (2), 675, 85 S. Ct. 775; *Kramer* v. *Union Free School District,* 395 U.S. 621, 23 L. ed. 2d. 583, 89 S. Ct. 1886.

While some argument favorable to the subject Amended Act may be made by interpretation of the Fourteenth Amendment, Section 5, U.S. Constitution, and Article VI of the United States Constitution, as interpreted by *Katzenbach* v. *Morgan,* 834 U.S. 641, 16 L. ed. 828, 86 S. Ct. 1717; we believe that it is clear historically that such an approach cannot be used to

14

revise the language and intent of the United States Constitution, and those of the several states without destroying completely the foundation of the Federal system.

On behalf of the State of Idaho I must respectfully reject the enforcement of the provisions of the Amended Act without specific Court order. We will stand available to assist in the preparation of a proper foundation for a court test of P.L. 91.285.

Very truly yours,

ROBERT M. ROBSON.

# In the Supreme Court of the United States

OCTOBER TERM, 1970

No. _____, Original

UNITED STATES OF AMERICA, PLAINTIFF

*v.*

STATE OF IDAHO, DEFENDANT

## MOTION FOR EXPEDITED CONSIDERATION

The United States respectfully moves the Court to expedite consideration of the case as follows:

(*a*) By requiring any response to the attached motion for leave to file to be submitted by August 31, 1970; and

(*b*) By establishing a briefing schedule that will permit the case to be heard at the October argument session, if the Court grants leave to file when it reconvenes in October. The United States will file its brief on the merits by September 10, and suggests that the defendant's brief on the merits should be filed by October 5.

JOHN N. MITCHELL,
*Attorney General.*

ERWIN N. GRISWOLD,
*Solicitor General.*

JERRIS LEONARD,
*Assistant Attorney General.*

AUGUST 1970.

(15)