# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATER STAGE EMPLOYEES LOCAL 927,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW MASHBURN, EDWARD LINDSEY, JANICE W. JOHNSTON, and SARA TINDALL GHAZAL, in their official capacities as members of the Georgia State Election Board; and PATRISE PERKINS-HOOKER, AARON V. JOHNSON, MICHAEL HEEKIN, and TERESA K. CRAWFORD, in their official capacities as members of the Fulton County Registration and Elections Board,<br><br>Defendants. | Civil Action No.:<br>1:23-CV-04929-AT |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE

## INTRODUCTION

Last fall, Plaintiff International Alliance of Theater Stage Employees Local 927 ("IATSE") filed this action raising a narrow issue of compliance with Section 202(d) of the Voting Rights Act. *See* Doc 1 (filed Oct. 26, 2023). Now—after the deadline for responsive pleadings has passed—the Republican National Committee and the Georgia Republican Party, Inc. (collectively, the "Republican Intervenors") move to intervene as defendants.[1] *See* Doc. 51; *see also* Doc. 51-1 (the "Br."). They do so *not* to assist the parties and the Court with resolving the case before it, but to raise fringe legal theories questioning the constitutionality of a federal statute that has been on the books for over 50 years. *See* Doc. 52 at 2. Indeed, Republican Intervenors' motion is transparent about its "national interest" in securing their desired precedent on a constitutional question that was not raised by the parties. Br. at 6.

But Republican Intervenors' attempt to commandeer this suit months after it was filed is neither contemplated nor permitted by Rule 24. Not only is there no justification for the Republican Intervenors' delay in seeking intervention, but

---

[1] On January 8, State Defendants moved to dismiss Plaintiff's Complaint. *See* Doc. 46. Pursuant to Federal Rule of Civil Procedure 15, Plaintiff intends to file an amended complaint as of right on or before January 29. *See* Doc. 57. Because Republican Intervenors delayed in seeking intervention, their belated motion will remain pending through this initial round of pleadings, and, if granted, will likely require successive filings on dispositive motions, ensuring additional delays in resolving this case.

2

because—as their papers reflect—they seek to intervene to raise a constitutional challenge to a federal statute not raised by any of the existing parties to the action, granting their motion would necessitate further delays to notify and permit intervention by the U.S. Attorney General, as required by Federal Rule of Civil Procedure 5.1. These delays on delays will only serve to prejudice the parties' efforts to resolve Plaintiff's narrow claim. Republican Intervenors' modest interests in this case do not outweigh—and indeed, would be best served by—the timely resolution of this matter in advance of the general election. The motion should be denied.

## LEGAL STANDARD

To intervene as of right under Rule 24(a)(2), a non-party must establish four elements: (1) their application must be timely; (2) they must have an "interest relating to the property or transaction which is the subject of the action"; (3) they must be "so situated that disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest"; and (4) their interests must be "represented inadequately by the existing parties to the suit." *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302–03 (11th Cir. 2008) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). The proposed intervenors bear the burden of proof to establish all four elements. *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 291 (11th Cir. 2020).

To intervene permissively under Rule 24(b), a non-party must establish: (1) their application is timely and (2) their claim or defense has a common question of law or fact with the main action. *Thornburgh*, 865 F.2d at 1213. Even if a non-party satisfies both requirements, the Court retains discretion to deny permissive intervention and it must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Burke*, 833 F. App'x at 294 (quoting Rule 24(b)(3)).

## ARGUMENT

### I. Republican Intervenors do not satisfy the standard for intervention as of right.

Given the original parties' interest "in the prompt disposition of their controversy" and the public's interest in the "efficient disposition of court business," unexplained delays in seeking intervention should be closely scrutinized. *Fox*, 519 F.3d at 1302. Here, Republican Intervenors' belated motion should be denied because the risk of prejudicial delay outweighs their interest in intervention.[2]

In assessing timeliness, courts examine four factors: (1) the length of time during which the would-be intervenor should have known a case implicated their interests; (2) the extent of prejudice to the existing parties; (3) the extent of prejudice

---

[2] Because Republican Intervenors bear the burden of establishing each element of Rule 24 and have not established timeliness, Plaintiff takes no position on the other elements.

4

to the would-be intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983). "The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay." *Comm'r, Ala. Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1171 (11th Cir. 2019). Here, all four factors weigh against intervention.

Republican Intervenors provide no valid justification for waiting nearly three months to intervene in this action. Given the time-sensitive nature of election cases, every month matters and any delay in intervening must be adequately justified. *See, e.g.*, *Weltner v. Raffensperger*, No. 1:20-CV-01407-ODE, 2020 WL 8116172, at *6–7 (N.D. Ga. June 26, 2020) (finding intervention two months after plaintiffs filed their lawsuit untimely). All Defendants have already responded to Plaintiffs' complaint and the Court has conferenced with the parties. Indeed, Republican Intervenors' claim that they will "comply with all deadlines that govern the parties," Br. at 6, is belied by their failure to file prior to the deadline for responsive pleadings.

Republican Intervenors claim that they "filed rapidly after learning their interests were at stake," but the only recent development identified is the State Defendants' motion to dismiss. *See* Br. at 5–6 (citing Doc. 46). Even Republican Intervenors acknowledge that the only "interest" affected by the recent motion is a

5

difference in legal strategy: namely, Republican Intervenors' "national interest in a dismissal on the merits," rather than on alleged jurisdictional defects. *See* Br. at 6. But the opportunity to secure a fancied precedent—on an issue not raised by the original parties—is not a "particularized interest" in this case. *Gumm v. Jacobs*, 817 F. App'x 847, 850 (11th Cir. 2020) (rejecting interest based on a case's ramifications for other potential cases). Instead, it is merely a "general grievance" with 50 years of U.S. Supreme Court precedent. *Id.*; *see also* Doc. 52 at 2 (disputing the holding of *Oregon v. Mitchell*, 400 U.S. 112 (1970)).

These far-fetched constitutional theories—and the attendant procedural requirements for raising them—ensure that the resolution of this case will be delayed. Specifically, Republican Intervenors' claim that Section 202(d) is unconstitutional implicates Federal Rule of Civil Procedure 5.1. As a result, several additional procedures are triggered: (1) Republican Intervenors "must promptly" file a notice of constitutional question, (2) the Court must certify the question to the U.S. Attorney General, and (3) the Court must allow 60 days for the Attorney General to intervene. *See* Fed. R. Civ. P. 5.1. These procedures ensure months of additional delay and substantially prejudice the original parties' ability to resolve the case before the general election.

Republican Intervenors unjustifiably delayed in filing their motion and the resulting prejudice outweighs their limited interest in intervening as a party.

6

Therefore, Republican Intervenors have failed to establish timeliness and are not entitled to intervene as of right under Rule 24(a).

## II.   The equities weigh against granting permissive intervention.

Because timeliness is a requirement to intervene permissively under Rule 24(b) as well, Republican Intervenors motion should be denied for the reasons outlined above. But even if the requirements for permissive intervention were met, the Court retains discretion to deny permissive intervention and the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Burke*, 833 F. App'x at 294 (quoting Rule 24(b)(3)).

Given the extensive delays attendant to Republican Intervenors' untimely motion and the additional procedural hurdles that will arise from their constitutional theories, their intervention will prejudice the adjudication of the original parties' rights. Permissive intervention under Rule 24(b) should be denied.

## CONCLUSION

For the reasons stated above, the Republican Intervenors' motion to intervene should be denied.

Dated: January 26, 2024

Adam M. Sparks
Georgia Bar No. 341578
Anré D. Washington
Georgia Bar No. 351623
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
3250 One Atlantic Center
Atlanta, GA 30309
Tel: (404) 888-9700
Fax: (404) 888-9577
Email: sparks@khlawfirm.com
Email: washington@khlawfirm.com

Respectfully submitted,

/s/   *Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Justin Baxenberg*
William K. Hancock*
Marcos Mocine-McQueen*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Ste 400
Washington, D.C. 20001
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
unkwonta@elias.law
jbaxenberg@elias.law
whancock@elias.law
mmcqueen@elias.law

*Counsel for Plaintiff International Alliance of Theater Stage Employees Local 927*

*Admitted *Pro Hac Vice*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this document complies with Local Rule 5.1(C) because it is prepared in Times New Roman font at size 14.

Dated: January 26, 2024                         *Uzoma N. Nkwonta*
                                                                       *Counsel for Plaintiff*