UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATER STAGE EMPLOYEES LOCAL 927, <br><br> Plaintiff, <br><br> v. <br><br> JOHN FERVIER, EDWARD LINDSEY, JANICE W. JOHNSTON, SARA TINDALL GHAZAL, and RICK JEFFARES in their official capacities as members of the Georgia State Election Board; and PATRISE PERKINS-HOOKER, AARON V. JOHNSON, MICHAEL HEEKIN, and TERESA K. CRAWFORD, in their official capacities as members of the Fulton County Registration and Elections Board, <br><br> Defendants. | CIVIL ACTION FILE <br> NO: 1:23-CV-04929-AT |

## DEFENDANTS PATRISE PERKINS-HOOKER, AARON V. JOHNSON, MICHAEL HEEKIN, AND TERESA K. CRAWFORD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**COME NOW,** Patrise Perkins-Hooker, Aaron V. Johnson, Michael Heekin, and Teresa K. Crawford, in their official capacities as members of the Fulton County Board of Registration and Elections (hereafter "Fulton County BRE Members") through counsel, and respectfully file this their Answer and Affirmative Defenses to

1

Plaintiff's Complaint for Declaratory and Injunctive Relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to state a claim against the Fulton County BRE Members upon which relief can be granted.

### SECOND DEFENSE

Plaintiff lacks standing to bring all, or a portion, of its claims against the Fulton County BRE Members.

### THIRD DEFENSE

Plaintiff lacks a clear legal right to the relief sought.

### FOURTH DEFENSE

The Fulton County BRE Members have not breached a duty owed to Plaintiff.

### FIFTH DEFENSE

The Fulton County BRE Members' compliance with Georgia law is being carried out in good faith, without conscious, reckless, or negligent disregard for the rights of any voter.

### SIXTH DEFENSE

The Fulton County BRE Members have not subjected Plaintiff to the deprivation of any rights, due process, or equal protection guaranteed by the

Georgia Constitution, the United States Constitution, or federal law.

## SEVENTH DEFENSE

The Fulton County BRE Members are not capable of providing a remedy to Plaintiff because their powers and duties do not include the ability to determine the voting laws or system of the State of Georgia.

## EIGHTH DEFENSE

Plaintiff's claims against the Fulton County BRE Members are barred by Eleventh Amendment Immunity.

## NINTH DEFENSE

Subject to and without waiving the foregoing affirmative defenses, the Fulton County BRE Members respond to the individually numbered paragraphs of the Plaintiff's Complaint as follows:

1.

The Fulton County BRE Members admit that an election for President and Vice President is scheduled to occur on November 5, 2024. The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the remaining contentions and allegations contained in Paragraph 1, specifically contentions and allegations regarding how, or how many, voters will cast their ballots in the November 5, 2024 presidential and vice-presidential election, and for

this reason, the remaining contentions and allegations contained in Paragraph 1 are denied.

2.

The Fulton County BRE Members admit that S.B. 202, § 25, 156th Gen. Assemb., Reg. Sess. (Ga. 2021 Act 9) ("SB 202") amended O.C.G.A. § 21-2-381(a)(1)(A). The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the remaining contentions and allegations contained in Paragraph 2, and for this reason, the remaining contentions and allegations contained in Paragraph 2 are denied.

3.

The Fulton County BRE Members admit the existence of 52 U.S.C. § 10502(d) and O.C.G.A. § 21-2-381(a)(1)(A). The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the remaining contentions and allegations contained in Paragraph 3, and for this reason, the remaining contentions and allegations contained in Paragraph 3 are denied.

4.

The Fulton County BRE Members admit the existence of 52 U.S.C. § 10502(c). The Fulton County BRE Members are without knowledge or information sufficient to admit or deny the remaining contentions and allegations contained in Paragraph 4, and for this reason, the remaining contentions and allegations contained

in Paragraph 4 are denied.

5.

The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the contentions and allegations contained in Paragraph 5, and for this reason, the contentions and allegations contained in Paragraph 5 are denied.

6.

Paragraph 6 states a claim for relief sought by Plaintiff. The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny that Plaintiff is entitled to the relief sought in Paragraph 6, and for this reason, the contentions and allegations contained in Paragraph 6 are denied.

### JURISDICTION AND VENUE

7.

Paragraph 7 identifies the purported statutory basis for Plaintiff's present civil action. The Fulton County BRE Members admit the existence of 42 U.S.C. §§ 1983 and 1988. The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny that a deprivation, under the color of state law, of rights secured by the Voting Rights Act has occurred in this matter, and for this

reason, the remaining contentions and allegations contained in Paragraph 7 are denied.

8.

The Fulton County BRE Members admit that this Court has original jurisdiction over the subject matter of this action.

9.

The Fulton County BRE Members admit that this Court has personal jurisdiction over them in their official capacities.  The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the remaining contentions and allegations contained in Paragraph 9, specifically the contentions and allegations regarding the members of the Georgia State Election Board ("SEB"), and for this reason, the remaining contentions and allegations contained in Paragraph 9 are denied.

10.

The Fulton County BRE Members admit that they reside in the Northern District of Georgia and venue is proper in this Court under 28 U.S.C. § 1391(b)(1). The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the remaining contentions and allegations contained in Paragraph 10, specifically the contentions and allegations regarding the members of

the Georgia State Election Board ("SEB"), and for this reason, the remaining contentions and allegations contained in Paragraph 10 are denied.

11.

The Fulton County BRE Members admit that this Court has the authority to enter declaratory judgments and provide injunctive relief. The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny any contentions and allegations contained in Paragraph 11 that the exercise of such authority in this action would be appropriate, and for this reason, any such contentions and allegations contained in Paragraph 11 are denied

## PARTIES

12.

The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the contentions and allegations contained in Paragraph 12, and for this reason, the contentions and allegations contained in Paragraph 12 are denied.

13.

The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the contentions and allegations contained in Paragraph 13, and for this reason, the contentions and allegations contained in Paragraph 13 are denied.

14.

The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the contentions and allegations contained in Paragraph 14, and for this reason, the contentions and allegations contained in Paragraph 14 are denied.

15.

The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the contentions and allegations contained in Paragraph 15, and for this reason, the contentions and allegations contained in Paragraph 15 are denied.

16.

The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the contentions and allegations contained in Paragraph 16, and for this reason, the contentions and allegations contained in Paragraph 16 are denied.

17.

The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the contentions and allegations contained in Paragraph 17, and for this reason, the contentions and allegations contained in Paragraph 17 are denied.

18.

The Fulton County BRE Members admit that John Fervier, Edward Lindsey, Janice W. Johnston, Sara Tindall Ghazal, and Rick Jeffares are members of the Georgia State Election Board ("SEB") and are sued in their official capacities.

19.

The Fulton County BRE Members admit that Plaintiff has accurately quoted O.C.G.A. § 21-2-31(1)-(2). The Fulton County BRE Members admit that O.C.G.A. § 21-2-381(e) provides that "The State Election Board is authorized to promulgate reasonable rules and regulations for the implementation of paragraph (1) of subsection (a) of this Code section [O.C.G.A. § 21-2-381]." The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny any remaining contentions and allegations contained in Paragraph 19, and for this reason, any remaining contentions and allegations contained in Paragraph 19 are denied.

20.

The Fulton County BRE Members admit the existence of O.C.G.A. § 21-2-33.1 and that the provision vests the State Election Board with various mechanisms to direct compliance with Georgia's election laws. The Fulton County BRE Members further admit the existence of the opinion issued by the United States District Court for the Northern District of Georgia in *Fight Action, Inc. v.*

*Raffensperger*, 634 F. Supp. 3d 1128 (N.D. Ga. 2022). The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny any remaining contentions and allegations contained in Paragraph 20, and for this reason, any remaining contentions and allegations contained in Paragraph 20 are denied.

21.

The Fulton County BRE Members admit that Patrise Perkins-Hooker, Aaron V. Johnson, Michael Heekin, and Teresa K. Crawford are members of the Fulton County Board of Registration and Elections and are sued in their official capacities. The Fulton County BRE Members admit that the Fulton County Board of Registration and Elections has the powers and duties of the election superintendent of Fulton County relating to the conduct of elections and the powers and duties of the board of registrars relating to the registration of voters and absentee balloting procedures. The Fulton County BRE Members deny the existence of O.C.G.A. § 21-2-202(d). The Fulton County BRE Members admit that registrars and/or absentee ballot clerks are required to follow the law and issue ballots to only eligible voters. The Fulton County BRE Members admit that O.C.G.A. § 21-2-381(b) identifies the duties and obligations of the registrar or absentee ballot clerk.

## STATEMENT OF FACTS AND LAW

22.

The Fulton County BRE Members admit that prior to the adoption of SB 202, any absentee elector could submit an application for an official ballot "not more than 180 days prior to the date of the primary or election, or run off of either, in which the elector desires to vote[.]" O.C.G.A. § 21-2-381(a)(1)(A) (2019). The Fulton County BRE Members deny the contentions and allegations contained in the second sentence of Paragraph 22, specifically the contentions and allegations that under O.C.G.A. § 21-2-384(a)(2) (2019) if a voter was determined eligible, the law required the board of registrars or absentee ballot clerk to mail or issue an absentee ballot immediately upon determining eligibility. The Fulton County BRE Members admit that O.C.G.A. § 21-2-384(a)(2) (2019) provided: "[N]o absentee ballot shall be mailed by the registrars or absentee ballot clerk on the day prior to a primary or election and provided, further, that no absentee ballot shall be issued on the day prior to a primary or election."

23.

The Fulton County BRE Members admit that SB 202 amended the time period specified in O.C.G.A. § 21-2-381(a)(1)(A) during which an absentee elector could submit an application for an official ballot. The Fulton County BRE Members admit that O.C.G.A. § 21-2-381(a)(1)(A) provides: "Except as otherwise provided in Code

Section 21-2-219 or for advance voting described in subsection (d) of Code Section 21-2-385, not earlier than 78 days or less than 11 days prior to the date of the primary or election, or runoff of either, in which the elector desires to vote," an absentee elector may make an application for an official ballot.

24.

The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the contentions and allegations contained in Paragraph 24, and for this reason, the contentions and allegations contained in Paragraph 24 are denied.

25.

The Fulton County BRE Members admit that Plaintiff has accurately quoted the "Congressional Findings" denoted at 52 U.S.C. § 10502(a) in Paragraph 25.

26.

The Fulton County BRE Members admit that Plaintiff has accurately quoted 52 U.S.C. § 10502(c) and 52 U.S.C. § 10502(d) in Paragraph 26. The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny any remaining contentions and allegations contained in Paragraph 26, and for this reason, any remaining contentions and allegations contained in Paragraph 26 are denied.

27.

The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the contentions and allegations contained in Paragraph 27, and for this reason, the contentions and allegations contained in Paragraph 27 are denied.

28.

The Fulton County BRE Members admit that O.C.G.A. § 21-2-385(c) allows eligible voters to apply for an absentee ballot in person until the Friday before an election. The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the remaining contentions and allegations contained in Paragraph 28, and for this reason, the contentions and allegations contained in Paragraph 28 are denied.

**CLAIMS FOR RELIEF**

**COUNT I**

**52 U.S.C. § 10502; 52 U.S.C. § 10307; 42 U.S.C. § 1983**
**Violation of 52 U.S.C. § 10502(d)**
**Against All Defendants**

29.

The Fulton Cunty BRE Members restate and reincorporate by reference Paragraphs 1-28 of this Answer, as though fully set forth herein.

30.

The Fulton County BRE Members admit that Plaintiff has accurately quoted 52 U.S.C. § 10502(d) in Paragraph 30.

31.

The Fulton County BRE Members are without knowledge or information sufficient to either admit or deny the contentions and allegations contained in Paragraph 31, and for this reason, the contentions and allegations contained in Paragraph 31 are denied. The Fulton County BRE Members are bound to enforce the voting laws of the State of Georgia, including the absentee ballot application deadline, and the enforcement of such laws is being carried out in good faith, without conscious, reckless, or negligent disregard for the rights of any voter.

## **GENERAL DENIAL**

Fulton County BRE Members deny that Plaintiff is entitled to any of the relief sought and deny each numbered paragraph of the Prayer for Relief. The Fulton County BRE Members further deny each and every allegation of the Complaint, not specifically admitted, denied, or otherwise responded to herein.

**WHEREFORE**, the Fulton County BRE Members request:

(a) That the Fulton County BRE Members be dismissed from the present civil action;

(b) That judgment be issued in favor of the Fulton County BRE Members;

(c) That attorneys' fees and costs be assessed against Plaintiff; and

(d) Any other further relief as this Court deems just and proper.

Respectfully submitted this 12th day of February 2024.

**OFFICE OF THE COUNTY ATTORNEY**

Kaye Woodard Burwell
Georgia Bar No. 775060
Chief Deputy County Counsel
Kaye.Burwell@fultoncountyga.gov

Shalanda M. J. Miller
Georgia Bar No. 122544
Deputy County Counsel
Shalanda.Miller@fultoncountyga.gov

*/s/ Mathew Plott*_____
Mathew Plott
Georgia Bar No. 343501
Assistant County Counsel
Mathew.Plott@fultoncountyga.gov

**Counsel for Fulton County BRE Members**

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATER STAGE EMPLOYEES LOCAL 927,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN FERVIER, EDWARD LINDSEY, JANICE W. JOHNSTON, SARA TINDALL GHAZAL, and RICK JEFFARES in their official capacities as members of the Georgia State Election Board; and PATRISE PERKINS-HOOKER, AARON V. JOHNSON, MICHAEL HEEKIN, and TERESA K. CRAWFORD, in their official capacities as members of the Fulton County Registration and Elections Board,<br><br>      Defendants. | CIVIL ACTION FILE<br>NO: 1:23-CV-04929-AT |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1 AND CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

I further certify that I have this day electronically filed this **DEFENDANTS PATRISE PERKINS-HOOKER, AARON V. JOHNSON, MICHAEL**

**HEEKIN, AND TERESA K. CRAWFORD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** with the Clerk of Court using the CM/ECF system which will automatically send email notification to all attorneys of record.

Respectfully submitted, this 12th day of February 2024.

/s/ *Mathew Plott*_____
Mathew Plott
Georgia Bar No. 343501
Assistant County Counsel
Mathew.Plott@fultoncountyga.gov

**Counsel for Fulton County BRE Members**

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)