IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATER STAGE EMPLOYEES LOCAL 927, *Plaintiff*, v. JOHN FERVIER, in his official capacity as member of the Georgia State Election Board, *et al.*, *Defendants*, REPUBLICAN NATIONAL COMMITTEE, *et al.*, *Intervenor-Defendants*. | Civil Action No.: 1:23-CV-04929-JPB |

## STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

State Defendants respectfully submit this motion for an extension of time to file their response to Plaintiffs' motion for preliminary injunction. [Doc. 83]. State Defendants' response to that motion is currently due by May 14, 2024. For the reasons set forth below, State Defendants request that the Court extend that deadline to June 21, 2024. Before filing this motion, the parties conferred, and Plaintiff's counsel stated that Plaintiff opposes the relief requested in this motion.

There is good cause to grant the requested relief. Plaintiff filed its complaint more than six months ago, on October 26, 2023. [Doc. 1]. After State Defendants filed a motion to dismiss, which explained that the complaint should be dismissed for lack of standing and the lack of a private right of action, [Doc. 46], Plaintiff responded by filing an amended complaint, [Doc. 62]. Thereafter, State Defendants filed a motion to dismiss the amended complaint, as the amended complaint did not cure any of the deficiencies of Plaintiff's initial complaint. [Doc. 68]. Briefing on that motion to dismiss was completed approximately two months ago. [Doc. 76].

After waiting for months, Plaintiff filed a motion for preliminary injunction on April 30, 2024. [Doc. 83]. This delay causes State Defendants substantial prejudice, and it necessitates an extension of their response deadline.

As the Court is no doubt aware, State Defendants are involved in several other civil actions related to various portions of Senate Bill 202 (SB 202). In the consolidated action, *In re SB 202*, No. 1:21-MI-55555-JPB, State Defendants are substantially occupied completing seven replies in support of summary judgment, which are also due on May 14, 2024. Those will span hundreds of pages, and State Defendants must also respond on May 14 to nearly 1,000 statements of fact that the plaintiffs in the consolidated action filed. That requires an immense amount of time, and it precludes State

Defendants from also devoting sufficient time to the preliminary-injunction response in this case.

Once those replies are filed, State Defendants must turn their attention to compiling the extensive findings of fact and conclusions of law due on May 31, 2024, in another SB 202 case—*Voter Participation Center v. Raffensperger*, No. 1:21-cv-1390-JPB. That will also require a substantial amount of time, as will preparing the responses to Plaintiffs' findings of fact and conclusions of law that are due by June 10, 2024. And State Defendants must also prepare for a motion hearing on May 28, 2024, in the related matter *Coalition for Good Governance v. Raffensperger*, No. 1:21-cv-2070-JPB. Additionally, counsel for State Defendants will be in trial in another matter for the final week of May. Moreover, State Defendants have substantial responsibilities related to the upcoming May 21, 2024, General Primary Election.

In light of the foregoing, State Defendants are not realistically able to turn their attention to the opposition in this case until early June. Accordingly, additional time is necessary for State Defendants to be able to provide the Court with a thorough explanation of the reasons why it should not preliminarily enjoin the duly enacted statute at issue here.

State Defendants understand that Plaintiff opposes this request based on its interest in obtaining relief in advance of the November election. However, the weight to be afforded to that interest is substantially decreased

by Plaintiff's multi-month delay in filing a motion for preliminary injunction. Indeed, Plaintiff relies in part [Doc. 83-8] on a statement from State Defendants' counsel that it is not possible to "identify in the abstract a date by which it would become infeasible to implement an order in this case." Thus, Plaintiff suggests, immediate relief is needed, and an extension of the briefing schedule is not feasible. But that correspondence was sent on January 16, 2024, and Plaintiff waited more than three months to file its motion for a preliminary injunction.

Accordingly, because Plaintiff's delay inserted briefing on the motion for preliminary injunction into the middle of many deadlines in the other cases involving SB 202, additional time is necessary, and State Defendants request that the Court enter the accompanying proposed order.

Respectfully submitted this 8th day of May, 2024.

> Christopher M. Carr
> Attorney General
> Georgia Bar No. 112505
> Bryan K. Webb
> Deputy Attorney General
> Georgia Bar No. 743580
> Russell D. Willard
> Senior Assistant Attorney General
> Georgia Bar No. 760280
> **State Law Department**
> 40 Capitol Square, S.W.
> Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Brian J. Field*
Miranda Cherkas Sherrill
Georgia Bar No. 327642
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*\*Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*

5