## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

INTERNATIONAL ALLIANCE OF
THEATER STAGE EMPLOYEES
LOCAL 927,

                    *Plaintiff*,

    v.

JOHN FERVIER, et al.,

                    *Defendants*,

REPUBLICAN NATIONAL
COMMITTEE; and GEORGIA
REPUBLICAN PARTY, INC.,

    *Intervenor-Defendants*.

No. 1:23-cv-04929-JPB

## INTERVENORS' RESPONSE TO PLAINTIFF'S
## MOTION FOR RECONSIDERATION

This Court properly rejected the Alliance's long-delayed demand for a preliminary injunction. The Court found that the Alliance had not shown associational standing, and that the *Purcell* doctrine forecloses injunctive relief this close to the election. *See* Order Denying Mot. for Prelim. Inj. (Doc. 106). The Alliance asks this Court to reconsider its ruling, but it doesn't even cite the controlling standard.

Under this Court's rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." NDGA Local Rule 7.2(e). Rather, moving for reconsideration is appropriate only when "a party or attorney for a party believes it is absolutely necessary." *Id.* "Such absolute necessity arises where

there is '(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.'" *Boone v. Corestaff Support Servs., Inc.*, 805 F. Supp. 2d 1362, 1368 (N.D. Ga. 2011) (quoting *Bryan v. Murphy*, 246 F.Supp.2d 1256, 1258-59 (N.D. Ga. 2003)). But "a motion for reconsideration may not be used 'to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind.'" *Id.* at 1259 (quoting *Bryan v. Murphy*, 246 F.Supp.2d at 1259).

The Court should deny the Alliance's motion for the simple reason that they neither cite nor meet this Court's reconsideration standards. The Alliance "asks this Court to reconsider" its order for one reason: it "is consistent with governing precedent," according to the Alliance. Mot. (Doc. 113) at 2. But "[a] motion for reconsideration is not an opportunity for the moving party … to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D.Ga.1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

The Alliance doesn't even try to show "absolute necessity." *Boone*, 805 F. Supp. 2d at 1368. The Alliance doesn't present any "newly discovered evidence." *Boone*, 805 F. Supp. 2d at 1368. Instead, it points to "the evidence submitted." Mot. 2. The Alliance doesn't allege any "intervening development or change in controlling law." *Boone*, 805 F. Supp. 2d at 1368. Instead, it argues that the Court's order is "inconsistent with precedent" that existed at the time of the order. Mot. 11. Finally, the Alliance doesn't even allege "a need to correct a clear error of law or fact." *Boone*, 805 F. Supp. 2d at 1368. No doubt the

Alliance will try to backfill its arguments in reply, claiming that it meant to argue all along that the Court needs "to correct a clear error of law or fact." *Id.* Even if the Court permits that late argument, it should reject it on the merits.

In addition to the reasons the Court denied the preliminary injunction motion, there are several independent grounds that support the Court's denial. To start, the Alliance can't show a likelihood of success on the merits. The Alliance spends few words on this argument: "On the actual merits themselves, the entitlement to relief is clear: Georgia's 11-day deadline plainly does not comply with Section 202 of the Voting Rights Act." Mot. 11. Even if that argument were correct, the Alliance ignores the Intervenors' independent argument that construing the VRA in the Alliance's favor would violate the Constitution's careful allocation of election authority. *See* Interv. Opp. to Prelim. Inj. Mot. (Doc. 96) at 3; Interv. Mot. to Dismiss (Doc. 66). The Court has yet to address that argument, but reconsidering the preliminary injunction would require the Court to resolve those constitutional issues.

Moreover, the motion for reconsideration cannot cure the Alliance's undue delay. The Alliance argues that it filed suit "more than a year before the 2024 presidential election." Mot. 12. "But that does not change the fact that plaintiffs could have sought a preliminary injunction much earlier." *Benisek v. Lamone*, 585 U.S. 155, 160 (2018). And "delay[] in seeking injunctive relief" is measured from when the Alliance began "learning of the threatened harm." *Adventist Health Sys./SunBelt, Inc. v. HHS*, 17 F.4th 793, 805 (8th Cir. 2021); *accord Benisek*, 585 U.S. at 160. The Alliance next suggests that had it filed any earlier, its case "may not have been ripe," Mot. 12. But it can't be seriously

contended that the upcoming 2024 presidential election wasn't impending when the Alliance filed its suit in October 2023, or when it amended its complaint in January, or in the following three months after that. Indeed, courts treat elections as certainly impending events, and the undue-delay principle "is as true in election law cases as elsewhere." *Benisek*, 585 U.S. at 159.

Finally, the Alliance has not rehabilitated its irreparable-harm arguments. Deadlines are an essential and unavoidable part of the election process. "[V]oting necessarily requires some effort and compliance with some rules" such as filling out ballots, meeting deadlines, and traveling to polls. *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2338 (2021). The Alliance admits that "the changes sought are relatively minor." Mot. 13. But that admission undermines any claims of irreparable harm, particularly where "Georgia has provided numerous avenues to mitigate chances that voters will be unable to cast their ballots." *New Ga. Project v. Raffensperger*, 976 F.3d 1278, 1281 (11th Cir. 2020).

The Alliance's members can request absentee ballots right now. Instead of encouraging its members to request ballots, the Alliance is moving for the Court to reconsider its order. But the Alliance fails to meet the reconsideration standards, and its arguments remain just as unpersuasive the second time around. The Court should thus deny the motion.

Dated: August 23, 2024

Respectfully submitted,

*/s/ Alex Kaufman*

Thomas R. McCarthy*
Gilbert C. Dickey*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com

Alex B. Kaufman
GA BAR 136097
CHALMERS, ADAMS, BACKER &
   KAUFMAN, LLC
11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(404) 964-5587
akaufman@chalmersadams.com

*admitted *pro hac vice*

*Counsel for Intervenors*

**CERTIFICATE OF COMPLIANCE**

This document complies with Local Rule 5.1(B) because it uses 13-point Century Schoolbook.

*/s/ Alex Kaufman*

**CERTIFICATE OF SERVICE**

On August 23, 2024, I e-filed this document on ECF, which will email everyone requiring service.

*/s/ Alex Kaufman*