UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATER STAGE EMPLOYEES LOCAL 927,<br><br>        Plaintiff,<br>  v.<br><br>SHERRI ALLEN, AARON V. JOHNSON, MICHAEL HEEKIN, TERESA K. CRAWFORD, and JULIE ADAMS in their official capacities as members of the Fulton County Registration and Elections Board,<br><br>        Defendants. | Case No. 1:23-cv-04929-JPB |

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff's motion for reconsideration identified two ways in which the Court's decision denying the motion for preliminary injunction constituted clear error. First, Eleventh Circuit precedent establishes that IATSE satisfies the germaneness standard for associational standing because IATSE members' reliance on absentee ballots stems directly from their professional activities, and IATSE exists to protect its members' rights—particularly when engaged in the work that forms the basis of their membership. Memorandum of Law in Support of Motion for

Reconsideration at 3–9, ECF No. 113-1. Second, binding Supreme Court precedent forecloses the Court's invocation of the *Purcell* principle. *Id.* at 9–10 (*citing Rose v. Raffensperger*, 143 S. Ct. 58, 59 (2022)).

Intervenors do not meaningfully address either argument. They do not dispute that germaneness is established when, as here, the subject matter of the action is related to "the very forces that caused individuals to band together in an association." *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Brock*, 477 U.S. 274, 290 (1986). Nor do they contest that the Fulton County Defendants' representations to the Court that there is sufficient time to implement relief precludes the application of *Purcell*. *See Rose v. Raffensperger*, 143 S. Ct. 58, 59 (2022); *see also Rose v. Sec'y, State of Georgia*, 87 F.4th 469, 478 (11th Cir. 2023) (confirming that the court had erred when it applied the *Purcell* standards rather than the traditional stay factors), *cert. denied sub nom. Rose v. Raffensperger*, 144 S. Ct. 2686 (2024); *Jacksonville Branch of NAACP v. City of Jacksonville*, No. 22-13544, 2022 WL 16754389, at *2 (11th Cir. Nov. 7, 2022).

In fact, Intervenors' only response to these arguments is to fault Plaintiff for not *reciting* the local rule (rather than for not meeting it); but a party's obligation is to include in its brief arguments that satisfy the applicable standard, not to quote it. *Avila v. BP Expl. & Prod., Inc.*, No. CV 18-6081, 2019 WL 530041, *5 (E.D. La. Feb. 11, 2019) (finding that a party satisfied its obligations because "though Plaintiff

did not include the legal standard for a stay in his initial motion, Plaintiff's arguments for why he would face inequity or hardship were all included in the initial motion"); *cf. Wheeler Elec., Inc. v. ABT Serv. Corp.*, 116 F.3d 488, *1 n.3 (9th Cir. 1997) (refusing to strike a brief "for failure to recite the standard of review"). Because Intervenors make virtually no effort to refute IATSE's arguments, their Response "amounts to no more than a recitation of a legal standard"—and "[a] legal standard, even if correct, is useless . . . unless applied to the facts of the case." *Montgomery v. Vill. of Posen*, No. 14 C 3864, 2015 WL 6445456, at *1 (N.D. Ill. Oct. 23, 2015).[1]

None of the alternate grounds that Intervenors offer justify denying the motion for reconsideration. Plaintiff has already addressed Intervenors' argument that Section 202 of the VRA is unconstitutional, *see* ECF No. 92, as has the United States, *see* ECF No. 104. And Intervenors' claim that "the motion for reconsideration cannot cure the Alliance's undue delay," ignores the Supreme Court's ruling in *Rose*, which clarifies that Plaintiff's motion for preliminary

---

[1] The local rule sets the boundaries for a motion for reconsideration and within those boundaries courts in this circuit have articulated different legal frameworks, such as asking whether the "court has patently misunderstood a party," *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); whether there has been "an error not of reasoning but of apprehension," *id.*; or whether reconsideration is appropriate to "prevent a manifest injustice," *Stephens v. Tr. for Pub. Land*, No. CIV.A. 1:05-CV-1366, 2007 WL 3046510 at *1 (N.D. Ga. Oct. 17, 2007). The arguments Plaintiff raised in its brief satisfied all these standards.

3

injunction was timely because it was filed on a timeline allowing relief by the "ideal" date provided by Defendants, and ignores that the operative date is the close of the absentee ballot application window. *See* Mem. at 10-13, ECF No. 113-1. Finally, Intervenors assert that "the Alliance has not rehabilitated its irreparable-harm arguments" (Intervenors' Response at 4, ECF No. 116) but again they fail to address any of the arguments Plaintiffs have made on this point—most notably, that "depriving absent voters of time in which to act" guaranteed by federal law constitutes irreparable harm because there is no way to restore the lost time and the resulting burden on the exercise of IATSE members' most fundamental rights. *See* Reply in Support of Plaintiff's Motion for Preliminary Injunction at 7, ECF No. 99.

IATSE respectfully asks the Court to grant reconsideration of its motion for preliminary injunction, ECF. No. 83, and to grant preliminary relief for the reasons fully set forth in that motion.

Dated: September 5, 2024

Respectfully submitted,

| | |
|---|---|
| Adam M. Sparks | */s/ Uzoma N. Nkwonta* |
| Georgia Bar No. 341578 | Uzoma N. Nkwonta* |
| Anré D. Washington | Justin Baxenberg* |
| Georgia Bar No. 351623 | William K. Hancock* |
| KREVOLIN & HORST, LLC | Marcos Mocine-McQueen* |
| 1201 W. Peachtree St., NW | ELIAS LAW GROUP LLP |
| 3250 One Atlantic Center | 250 Massachusetts Ave NW, Ste 400 |
| Atlanta, GA 30309 | Washington, D.C. 20001 |
| Tel: (404) 888-9700 | Tel: (202) 968-4490 |

Fax: (404) 888-9577
sparks@khlawfirm.com
washington@khlawfirm.com

Fax: (202) 968-4498
unkwonta@elias.law
jbaxenberg@elias.law
whancock@elias.law
mmcqueen@elias.law

*Counsel for Plaintiff*

\*Admitted *Pro Hac Vice*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with Local Rule 5.1(C) because it is prepared in Times New Roman font at size 14.

Dated: September 5, 2024

<u>/s/ Uzoma N. Nkwonta</u>
*Counsel for Plaintiff*