UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATER STAGE EMPLOYEES LOCAL 927, <br><br> Plaintiff, <br><br> v. <br><br> JOHN FERVIER, et al., <br><br> Defendants. | CIVIL ACTION NO.: 1:23-CV-04929-JPB |

# **ORDER**

International Alliance of Theater Stage Employees Local 927's ("Plaintiff") filed this action against State Defendants[1] and County Defendants[2] on October 26, 2023. [Doc. 1]. The Court allowed the Republican National Committee and the Georgia Republican Party to intervene on May 3, 2024. [Doc. 84]. On July 8, 2024, the United States intervened. [Doc. 101].

---

[1] State Defendants include John Fervier, Edward Lindsey, Janice W. Johnston, Sara Tindall Ghazal and Rick Jeffares. These defendants are members of the Georgia State Election Board and were sued in their official capacities. The Court dismissed State Defendants from this action on June 13, 2024. [Doc. 97].

[2] County Defendants are Patrise Perkins-Hooker, Aaron V. Johnson, Michael Heekin and Teresa K. Crawford. County Defendants are members of the Fulton County Registration and Election Board.

Thus far in the litigation, the Court has decided various motions. Particularly relevant here, the Court granted State Defendants' Motion to Dismiss. In that order, the Court determined that Plaintiff failed to show standing as to State Defendants because Plaintiff's injuries, if any, were not traceable to State Defendants or redressable by an order issued against them. [Doc. 97]. The Court also issued a ruling on Plaintiff's Motion for Preliminary Injunction. In denying Plaintiff's request for preliminary relief, the Court concluded that the record lacked indicators that the germaneness prong of the standing analysis was satisfied. [Doc. 106, p. 9]. Ultimately, the Court found that Plaintiff failed to clearly establish that it was substantially likely to show standing. Id. at 10.

Intervenor Defendants have moved to dismiss Plaintiff's Amended Complaint on merits grounds. Before the Court can address the merits of this dispute, the Court must ensure that standing exists. As such, no later than fourteen days from the date of this order, Plaintiff is **ORDERED TO SHOW CAUSE** why standing exists in this case.[3] Plaintiff's response should focus on the germaneness prong and whether relief is appropriate when only one Georgia county is a named

---

[3] Plaintiff is also **DIRECTED** to show cause as to why its pending Motion for Reconsideration [Doc. 113] should not be denied as moot.

defendant. County Defendants, Intervenor Defendants and the United States must file a response to Plaintiff's showing within fourteen days.

**SO ORDERED** this 15th day of November, 2024.

_____
J. P. BOULEE
United States District Judge